UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GAEA Holdings, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Solar Energy Initiatives, Inc.,<br><br>　　　　　Defendant. | Civil No. 11-635 (PJS/AJB)<br><br>**REPORT AND RECOMMENDATION<br>ON PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT** |

## INTRODUCTION

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Plaintiff GAEA Holdings, LLC's unopposed Motion for Summary Judgment [Docket No. 40]. The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). A hearing was held on the motion on February 22, 2012 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. William G. Cottrell, Esq. appeared on behalf of Plaintiff. David Phan, CEO of Solar Energy Initiatives, Inc., appeared by telephone as a non-attorney representative of Defendant.[1]

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgment [Docket No. 40] be **GRANTED** and that Plaintiff's fraudulent misrepresentation claim be **DISMISSED as moot**.

---

[1] The Court granted the motion to withdraw filed by Defendant's former counsel on October 12, 2011. (Docket No. 31.) Since that time, the Court has informed Mr. Phan on more than one occasion that he cannot represent the company as a non-lawyer and that Defendant must obtain new counsel. As of the date of the hearing, Defendant still had not obtained counsel. Defendant did not submit a motion for a continuance with respect to Plaintiff's summary judgment motion.

1

**FACTUAL BACKGROUND**

Plaintiff and Defendant entered into an Independent Consulting Agreement on November 30, 2009 (the "Agreement"). (Docket No. 34, Affidavit of Dean Leischow dated October 6, 2011 ("Leischow Aff.") ¶ 3.) According to the Agreement, Defendant is a business providing solar electrical generation products and services, including building, owning, and operating solar photovoltaic electrical generation arrays. (Independent Consulting Agreement, Recital B, at Docket No. 9, Affidavit of Dean Leischow dated April 23, 2011, Ex. A (hereafter cited as "Independent Consulting Agreement."[2]) The Agreement states that Plaintiff is a business engaged in developing energy conservation programs and renewable energy generation projects, including solar electric projects. (*Id.* at Recital C.) Plaintiff's consulting work pursuant to the Agreement consisted of obtaining contracts for the sale of solar energy projects to large institutions around the country. (*See* Leischow Aff. ¶¶ 11-12.)

The Agreement provided that Plaintiff would be paid on a commission basis for his services. (Independent Consulting Agreement, ¶ 2, Attachment 1). The Agreement includes a method for calculating commissions and a schedule setting forth when such commissions are due and payable. (*Id.*) For each project Plaintiff initiated that resulted in certain specified sales contracts being executed, Plaintiff earned the greater of 20% of the project's gross margin or $15,000 per 100 kilowatts installed. (*Id.*) The commission payment schedule required 25% of the total commission be paid upon execution of the sales contract and receipt of permits to begin project construction, 25% be paid upon the commencement of project construction, 25% be paid no later than 60 days following the commencement of project construction, and 25% be paid within 10 days of the completion of the project. (*Id.*) Regardless of the project implementation

---

[2]   The Agreement was not submitted in conjunction with Plaintiff's Motion for Summary Judgment. As discussed below, the Court is troubled by Plaintiff's scarce summary judgment submission and the lack of detailed facts supporting the motion.

schedule, all commissions were due and payable no later than 180 days following receipt of permits by Solar Energy. (*Id.*)

Plaintiff performed services on three projects for which Defendant failed to pay it commissions that Plaintiff's officer, Dean Leischow, avers it earned. (Leischow Aff. ¶¶ 4-5, 7.) Plaintiff performed services on the Nazareth Borough project for which commissions due are calculated at $180,000. (*Id.* at ¶ 7.) Plaintiff performed services on the Young Harris Madison College project for which commissions due are calculated at $600,000. (*Id.*) Plaintiff performed services for the Cherokee County Schools project for which commissions due are calculated at $112,500.[3] (*Id.*) Each of these projects is listed in Attachment 1 of the Agreement and is subject to the above-described commission rate and payment schedule. (Independent Consulting Agreement, Attachment 1.) Mr. Leischow's affidavit does not provide detail with respect to these projects or how the commissions due were calculated. (*See* Leischow Aff. ¶ 6.) Plaintiff contends that all conditions precedent referenced in the Agreement have been met with respect to such projects, although it has not provided detail with respect to when and how the conditions precedent were satisfied. (Leischow Aff. ¶ 10.)

Defendant assured Plaintiff that it had funding available to complete each of these projects and that it would fund the projects. (Leischow Aff. ¶ 6.) In performing consulting services under the Agreement, Plaintiff relied on Defendant's representations regarding project funding. (*Id.* at ¶¶ 6, 8.) Mr. Leischow avers that although "some of these projects were not

---

[3] The initial amount owed on the Cherokee County Schools project was $150,000. (Leischow Aff. ¶ 7.) Defendant paid Plaintiff the value of $75,000 in stock, pursuant to the Agreement. (*Id.*) The Agreement provided that if a project had not received funding at any of the payment due dates, "Consultant may be paid in SNRY S8 Stock and shall hold an option to swap the stock back for cash upon funding of the legal entity." (Independent Consulting Agreement, Attachment 1.) Pursuant to the Agreement, Plaintiff demanded that Defendant purchase the stock back, but Defendant refused. (Leischow Aff. ¶ 7.) Therefore, Plaintiff sold the stock for $37,500 and deducted that amount from the $150,000 owed by Defendant. (*Id.*)

funded or completed," this failure was a result of Defendant's failure to fund the projects as it had agreed to. (*Id.* at ¶ 8.) He also avers that Defendant knew or should have known that the projects would not be financed by Defendant and that Defendant knew and intended that Plaintiff would never receive a commission for such projects. (*Id.* at ¶ 13.)

## DISCUSSION

### I. STANDARD OF REVIEW

Plaintiff's summary judgment motion is unopposed. "But an unopposed motion for summary judgment is not necessarily a winning motion for summary judgment." *Wiemann v. Engelhart*, No. 07-cv-3929, 2009 U.S. Dist. LEXIS 63985, *5 (D. Minn. July 24, 2009). Even if a motion for summary judgment is unopposed, the district court still must determine that the moving party is entitled to judgment as a matter of law. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993).

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence, and the inferences that may be reasonably drawn from the evidence, in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). This is true even if the non-moving party does not oppose the summary judgment motion. *Wiemann*, 2009 U.S. Dist. LEXIS 63985, *6. But as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

II.     ANALYSIS

Plaintiff seeks complete summary judgment in its favor against Defendant. Although the Amended Complaint is not a model of clarity with respect to the claims that Plaintiff brings against Defendant (*See* Docket No. 17), breach of contract and fraudulent misrepresentation claims appear to have been pleaded. Unfortunately, Plaintiff's sparse summary judgment motion does little to provide detail with respect to Plaintiff's claims and the facts supporting those claims. Nevertheless, in analyzing Plaintiff's claims, the Court accepts Mr. Leischow's uncontested affidavit in support of summary judgment as true.

A.      **Breach of Contract**

The Agreement provides that it shall be governed by and construed according to the law of the State of Florida. (Independent Consulting Agreement, ¶ 14.) In determining whether a choice of law provision in an agreement will be given effect, a federal court sitting in diversity looks to the choice of law principles of the forum state, which in this case is Minnesota. *Fl. State Bd. of Admin. v. Law Eng'g & Environ. Servs., Inc.*, 262 F. Supp. 2d 1004, 1012 (D. Minn. 2003). Minnesota courts honor choice of law clauses. *Northwest Airlines, Inc. v. Astraea Aviation Servs., Inc.*, 111 F.3d 1386, 1392 (8th Cir. 1997); *Milliken & Co. v. Eagle Pkg. Co.*, 295 N.W.2d 377, 380 n. 1 (Minn. 1980). Accordingly, Florida law governs the Agreement.

The elements of an action for breach of contract under Florida law are: (1) the existence of a valid contract; (2) a breach of the contract; and (3) damages resulting from the breach. *APR Energy, LLC v. Pakistan Power Resources, LLC*, 653 F. Supp. 2d 1227, 1241 (M.D. Fla. 2009).

There is no dispute that Plaintiff and Defendant had a contract pursuant to which Defendant agreed to pay Plaintiff a commission for his consulting services in obtaining solar energy contracts. The Court is faced with an undisputed affidavit averring that all conditions

precedent for payment have been met and that Defendant breached the agreement by not paying the commissions for the Nazareth Borough, Young Harris Madison College, and Cherokee County Schools projects. Plaintiff is thus entitled to prevail on its breach-of-contract claim with respect to the Nazareth Borough, Young Harris Madison College, and Cherokee County Schools projects.

### B.     Fraud

To the extent that Plaintiff has pleaded a claim for fraudulent misrepresentation, the damages it seeks for that claim are duplicative of Plaintiff's breach-of-contract damages. Because the Court recommends that summary judgment be granted on Plaintiff's breach of contract claim, the fraudulent misrepresentation claim is therefore moot. Accordingly, the Court recommends that Plaintiff's fraudulent misrepresentation claim be dismissed.

### C.     Damages

As discussed above, Plaintiff is entitled to summary judgment on its breach of contract claim. Mr. Leischow's affidavit sets forth the amount of commissions owed under the Agreement for three projects: $180,000 for the Nazareth Borough project, $600,000 for the Young Harris Madison College project, and $112,500 for the Cherokee County Schools project. Plaintiff is therefore entitled to recover a total of $892,500 with respect to the three projects.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgment [Docket No. 40] be **GRANTED** as follows:

1. That the motion be **GRANTED** with respect to Plaintiff's breach of contract claim.
2. That Plaintiff's fraudulent misrepresentation claim be **DISMISSED as moot**.

CASE 0:11-cv-00635-PJS-AJB Document 45 Filed 03/01/12 Page 7 of 7

3. That Plaintiff is entitled to recover a total of $892,500 damages as follows:

   a. $180,000 for the Nazareth Borough project;

   b. $600,000 for the Young Harris Madison College project; and

   c. $112,500 for the Cherokee County Schools project.

Dated: February 29, 2012

                                              s/ Arthur J. Boylan
                                             Chief Magistrate Judge Arthur J. Boylan
                                             United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court on or before March 15, 2012.

7